Mr. Justice Robb
delivered the opinion of the Court:
1. Plaintiff stated, without objection, tbat other parties bad agreed to join him in the enterprise. the statement as to the location of those parties, if not material, was in no way prejudicial.
2. the letter of October 25th from the plaintiff to the1 defendant has some bearing on the question whether the plaintiff’s objection to the title was made in good faith, tbat is to say, whether bis failure to carry out bis part of the contract resulted from the inability of the defendant to make a good title to the property, or from bis own inability to pay the purchase price according to the terms of the contract. In this view, the letter was clearly admissible. the letter of the defendant, on October 26th, while not material to the issue involved, contains nothing prejudicial to the plaintiff.
3. the letters written by the plaintiff to the defendant under dates of October 26th, 28th, and 30th, 1907, or subsequent to the expiration of the time within which the contract might have been consummated, were properly excluded. the rights of *265 the parties had become fixed, and those letters, being mere self-serving declarations, were clearly inadmissible as evidence-for the plaintiff.
4. The record in the equity cause was properly excluded. The question in issue was not what the heirs might subsequently do, but rather what they were doing, and what they could and would do within the life of the contract in carrying out its-provisions.
5. An examination of the contract under which this deposit was made discloses that as written it was a contract between Shoemaker and Farr, Shoemaker evidently realizing-that authority to a real estate agent by his principal to contract for the sale of real estate does not authorize the agent to make-a contract for the sale of an option to purchase such real estate. Mannix v. Hildreth, 2 App. D. C. 259; Jones v. Holladay, 2 App. D. C. 279. It was for this reason, therefore, that the-provision “subject to the approval of the owner” was inserted. The contract is silent as to the form and time of that approval. While it was probably in the minds of the parties at the outset of the transaction, that the Mathews executors were empowered to bind the estate through their approval of the contract, the plaintiff was later notified by Mr. Shoemaker that all the heirs were adults “competent to sign a deed, and ready to do so, upon the compliance with the provisions of the contract.” The plaintiff at no time during the life of the contract requested more tangible evidence of its approval by the heirs,, nor did he introduce any evidence at the trial tending to show its nonapproval. He, therefore, is in no position to raise the question here.
The only ground of objection on the part of the plaintiff to the acceptance of a deed by the heirs was the possibility that there might be claims against the estate in this District which would be a lien upon the property. But Mr. Shoemaker suggested two ways in which this potential difficulty could be overcome, one by partition proceedings and the other by the giving of a bond. Sec. 147 of the Code [31 Stat. at L. 1214, chap. 854] in terms provides for the sale of real estate if the- *266 persons interested in the estate shall give bond conditioned to pay all the debts and legacies eventually found due. The giving of such a bond, therefore, in the present ease, would have removed all objection to the title, and would have made possible the consummation of the contract. The plaintiff, however, did not tender performance of his part of the contract, hence it was not necessary for the defendant to do more than he did, namely to offer “a deed conveying a good title to the property, free from encumbrance.” Failure on the part of the plaintiff to prove -compliance, or tender of compliance, with his part of the contract, was fatal to his right to recover the deposit. Newman v. Baker, 10 App. D. C. 187.
Judgment affirmed with costs. Affirmed.